# EXHIBIT B

Case 5:25-cv-03548   Document 1-3   Filed 12/26/25   Page 2 of 17   Page ID #:14

Electronically FILED by Superior Court of California, County of Riverside on 11/14/2025 09:35 PM
Case Number CVRI2505961 0000148378003 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alexis Williams, Clerk

Royal DL Bond. SBN: 346254
**Bond Law Legal Group**
30141 Antelope Rd D228
Menifee, CA 92584
(844)476-9254
royal@bondlawlegal.com

Attorney for La Carl Dow and Tyler Spears

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| LA CARL DOW and TYLER SPEARS., <br><br> Plaintiff(s), <br><br> vs. <br><br> COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; SHERIFF CHAD BIANCO, in his individual and official capacities; DEPUTY DOES 1 THROUGH 10; and NURSE DOES 11 through 15. <br><br> Defendant(s). | Case No. CVRI2505961 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **NEGLIGENCE/GROSS NEGLIGENCE** <br> 2. **NEGLIGENT HIRING, TRAINING, AND SUPERVISION** <br> 3. **FAILURE TO PROTECT/ GOV. CODE § 815.6** <br> 4. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)FAILURE TO PROTECT** <br> 5. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED** <br> 6. **(42 U.S.C. §1983) MONELL CLAIM** <br> 7. **INTENTION INFLICTION OF EMOTIONAL DISTRESS** <br> 8. **VIOLATION OF CALIFORNIA CIVIL CODE §52.1 (BANE ACT)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiffs LA CARL DOW and TYLER SPEARS, separate individuals, by and through his attorney Royal DL Bond, Esq., and for his complaint against the above-named DEFENDANTS, and each of them allege as follows:

## INTRODUCTION

1. This case challenges the willful and deliberate failure of Defendants to provide to Plaintiffs LA CARL DOW and TYLER SPEARS, then incarcerated individuals in their care and custody, safe and secure housing while incarcerated in the Riverside County jail at Robert Presley Detention Center, commensurate with basic standards of decency. This case presents ongoing concerns and violations within the jails owned, operated, and located within the County of Riverside, managed by the Riverside County Sheriff's Department, where Chad Bianco is the Sheriff of that Department.

2. Defendants have neglected all duties to provide inmate/prisoners safe and secure housing mandated by clearly established laws and statutes. Plaintiffs were forced to suffer injuries resulting from preventable actions of corrections staff.

3. Despite being on formal CDCR 812 enemy chrono and subject to a judicial no-contact order, Defendants knowingly placed the two Plaintiffs in the same holding cell, triggering a violent altercation that resulted in severe physical and psychological injury.

4. Following the incident, Defendants further violated Plaintiffs' rights by denying necessary medical care, failing to document injuries, and ratifying the misconduct through inaction.

5. As set forth below, Defendants have caused Plaintiffs' damages and harms for which he is undoubtedly entitled to be compensated for and to be made whole according to law.

## PARTIES

6. Plaintiff LA CARL DOW. (hereinafter "Plaintiff Dow") was at all relevant times an inmate in the custody of the Riverside County Sheriff's Department housed at the Robert Presley Detention Center located at 4000 Orange St, Riverside, California 92501.

7. Plaintiff TYLER SPEARS, (hereinafter "Plaintiff Spears") was at all relevant times an inmate in the custody of the Riverside County Sheriff's Department housed at the Robert Presley Detention Center located at 4000 Orange St, Riverside, California 92501.

8. Defendant COUNTY OF RIVERSIDE (hereinafter "County") is a public entity organized under the laws of the State of California and legally responsible for the operation, management, and maintenance of the Riverside County jails, including the Robert Presley Detention Center.

11/27/2025

9. Defendant CHAD BIANCO (hereinafter "Bianco") was, at all relevant times, the Sheriff of Robert Presley Detention Center and the Riverside County Sheriff's Department as a whole.

10. Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (hereinafter "RCSD") is a department of the County of Riverside responsible for inmate housing, classification, safety, and supervision.

11. Plaintiff is ignorant of the true names and capacities of Defendants sued as DEPUTY DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

12. Plaintiff is ignorant of the true names and identities of Defendants sued as NURSE DOES 11 through 15, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

13. This Court has jurisdiction under Article VI, §10 of the California Constitution and Government Code §§ 820 et seq.

14. Plaintiffs also bring concurrent federal claims under 42 U.S.C. §1983 for violations of the Eighth and Fourteenth Amendments to the U.S. Constitution under supplemental jurisdiction.

15. Venue is proper in this County of Riverside because all acts occurred within its jurisdictional boundaries at the Robert Presley Detention Center.

16. Plaintiff timely filed a Government Tort Claim on April 23, 2025, which was either denied or deemed rejected by operation of law on May 13, 2025. (See Exhibit A attached)

## FACTUAL ALLEGATIONS

17. On April 21, 2023, Plaintiff Dow was involved in an altercation with Plaintiff Spears while both were housed at California Rehabilitation Center (CRC), a California State Prison ran by the California Department of Corrections and Rehabilitations, (hereinafter "CDCR").

18. Following that incident, CDCR issued an 812 "Enemy Alert Chrono" formally designating the two inmates as enemies requiring separation.

19. Both men were transferred to separate institutions—Dow to Corcoran State Prison, and Spears to Pelican Bay State Prison.

11/27/2025

20. On July 29, 2024, Dow was transferred from Corcoran to the Robert Presley Detention Center, (hereinafter "RPDC") by the Riverside County Sheriff's Department to face criminal charges for the 2023 incident Spears.

21. On November 1, 2024, Spears was subpoenaed to testify at Dow's preliminary hearing and was likewise brought to RPDC by the Sheriff's Department.

22. At that hearing, Spears refused to testify, and the District Attorney dismissed the assault charge against Dow; Dow entered a plea to possession of an inmate-manufactured weapon.

23. Following the plea, the District Attorney petitioned for a "No Contact/Separation Order" to ensure that Spears and Dow remained separated on return to CDCR custody. The order was granted by the court and the criminal matter involving Plaintiffs was closed.

24. On the evening of November 13, 2024, Dow was being processed for return to state custody when Deputy DOE 1 engaged in a verbal altercation with Dow over personal property.

25. Approximately one hour later, Deputy DOE 2, walked Spears down to holding in preparation of being transported back to prison. Upon arriving to the holding talk, she ordered Spears to stand on the Side of the door and face the wall with his hands behind his back.

26. Deputy DOE 1 opened the door to the holding tank that Dow was already in and ordered Spears inside. Once Spears stepped inside the holding tank, the door was immediately closed behind him

25. DOE 1 and DOE 2 intentionally placed Spears into the same holding tank as Dow, in clear violation of the active separation order and the known 812 enemy designation and active No Contact/Separation order in place by Riverside County under case No. RIF2303462

27. Immediately upon entry, Spears punched Dow and the two engaged in combat, while two (2) deputies stood by and watched without intervening.

28. During the fight, Dow struck Spears in the face causing swelling and bruising to Spears face and severely injuring Dow's left hand and dislocating his ring finger.

29. During the altercation, Spears, reinjured/exacerbated the bone-on-bone loss of cartilage injuries to he previously suffered to the middle knuckle of his right hand.

30. Only after the fight ended did the deputy order them to stop and remove Dow from the cell.

- 4 -
COMPLAINT FOR DAMAGES

31. Spears, made a spontaneous statement to a female deputy, "This is your fault, you put me in there with him," to which she replied, "How was I supposed to know you guys were keep-aways?"

32. Dow was taken to medical ward where nurse DOE 11 and DOE 12 refused to send him for emergency treatment, merely wrapping his injured hand and noting it would be handled once he arrived "at prison."

33. Upon return to CDCR custody at Wasco State Prison, Dow reported extreme pain; X-rays revealed permanent damage requiring orthopedic consultation.

34. Dow was advised that surgery could relieve pain but would permanently stiffen his finger, leaving him disfigured and with chronic pain.

35. Spears suffered a laceration and trauma above his right eye, causing lasting tenderness, scarring, intermittent vision problems, and emotional distress.

36. Both Plaintiffs have since experienced psychological trauma, fear of correctional officers, and ongoing anxiety resulting from the deliberate disregard of their safety by Riverside County deputies.

37. The County of Riverside, Sheriff Bianco, and the Riverside County Sheriff's Department maintained policies, customs, and practices of failing to properly enforce keep-away orders, supervise deputies, or ensure medical documentation, constituting deliberate indifference to inmate safety.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION—NEGLIGENCE/GROSS NEGLIGENCE

(Against All Defendants)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Under California law and Title 15 CCR §§1027 and 1053, Defendants owed Plaintiffs a duty of care to exercise ordinary care for their safety, including the duty to: (a) properly classify and house inmates; (b) enforce separation orders; (c) prevent foreseeable harm from known enemies; and (d) provide prompt and competent medical care.

40. Defendants breached that duty by intentionally placing Plaintiffs—known enemies—into the same holding cell and by ignoring both CDCR and court-issued separation mandates.

41. The deputies' conduct went beyond mere negligence and constituted gross negligence, showing reckless disregard for foreseeable injury.

42. Pursuant to Gov. Code §815.2(a), a public entity is liable for injuries proximately caused by an act or omission of an employee within the scope of employment. Jail officials owe inmates a duty of ordinary care to protect them from reasonably foreseeable harm, *Giraldo v. Cal. Dep't of Corr. & Rehab.*, 168 Cal.App.4th 231 (2008).

43. As a direct and proximate result, Plaintiffs suffered bodily injuries, including a permanent hand deformity, vision changes, chronic pain, and emotional and psychological trauma.

44. The County's liability arises under respondeat superior and Gov. Code § 815.2(b), as no statutory immunity applies to negligent operational acts.

45. Plaintiffs are entitled to compensatory, special, and general damages pursuant to California law.

## SECOND CAUSE OF ACTION—NEGLIGENT HIRING, TRAINING, AND SUPERVISION

(Against County, RCSD, and Sheriff Bianco)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Public entitles are directly liable under *C.A v. William S. Hart Union High Sch. Dist.*, 53 Cal.4th 861 (2012) for negligent supervision of employees whose misconduct causes foreseeable harm.

48. Sheriff Bianco and the County had a duty to ensure that all deputies and jail staff were adequately trained in inmate classification, risk assessment, medical response, and separation protocol enforcement. And to supervise their performance of those duties.

49. Defendants breached that duty by:

   a. Failing to train staff on inmate classification protocols;

   b. Failing to train deputies to honor "keep-away" and "no-contact" orders;

   c. Allowing deputies to handle property disputes and housing assignments without oversight; and

   d. Maintaining policies that prioritizing logistical convenience over inmate safety.

11/27/2025

50. These systemic failures created an unreasonable risk of harm that directly cause the assault and subsequent medical neglect.

51. Both Sheriff Bianco and the County's negligent supervision and training constituted an independent basis of liability and was a proximate cause of Plaintiffs' injuries.

**THIRD CAUSE OF ACTION—FAILURE TO PROTECT (Gov. Code § 815.6)**

(Against All Defendants)

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. Gov. Code §815.6 imposes liability on public entities for failure to discharge mandatory duties designed to protect individuals from specific types of harm.

54. Title 15 CCR § 1027(a) (Supervision of Inmates) and § 1053(a) (Inmate Housing) mandate that jail administrators ensure housing assignments consistent with each inmate's classification and risk level and to prevent foreseeable injury.

55. These statutes and regulations impose a mandatory duty within the meaning of §815.6

56. Defendants breached this duty by placing known enemies not just in the same housing area, but in the same cell, thereby directly causing Plaintiffs' injuries.

57. The assault and subsequent harm are the precise injuries those statutory provisions were enacted to prevent.

58. Under *Haggis v. City of Los Angeles*, 22 Cal.4th 490 (2000), the violation of mandatory statutory duties supports liability under § 815.6 where, as here, the regulation is obligor, and the injury is of the type it sought to avert and thereby constitutes actionable breach.

59. Accordingly, Defendants are liable for damages under § 815.6 for failure to perform their mandatory duties to classify, monitor, and protect Plaintiffs.

**FOURTH CAUSE OF ACTION—VIOLATION OF 42 U.S.C §1983 (Failure to Protect)**

(Against All Defendants)

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61. At all relevant times, acting under color of law, Defendants deliberately disregarded known risks to Plaintiffs' safety. Defendants had a constitutional duty under the Eighth and Fourteenth Amendments to take reasonable measures to guarantee the safety of inmates in their custody.

62. Defendants, and each of them, knew or should have known that Plaintiffs Dow and Spears were documented enemies with an active CDCR enemy chrono and judicial "keep-away/ "no-contact" order.

63. Despite this knowledge, Deputy DOES deliberately placed both men in the same holding cell, taunted Plaintiff Dow, and intentionally created conditions that posed an obvious and substantial risk of serious harm.

64. Under *Farmer v. Brennan*, (1994) 511 U.S. 825, a correctional officer is deliberately indifferent when aware of and disregards and excessive risk to inmate safety.

65. Defendants had actual knowledge of the risk due to both the 812 Enemy Chrono and the judicial separation order but consciously ignored them.

66. As a proximate result, both Plaintiffs suffered physical injuries, humiliation, emotional distress, and constitutional deprivation actionable under 42 U.S.C. §1983.

67. Their deliberate indifference was the moving force behind Plaintiffs' injuries.

68. The conduct of Defendants was malicious, oppressive, and in reckless disregard of Plaintiffs' rights, justifying an award of punitive damages pursuant to *Smith v. Wade*, (1983) 461 U.S. 30 and attorney's fees under 42 U.S.C. §1988

**FIFTH CAUSE OF ACTION— 42 U.S.C §1983—DELIBERATE INDIFFERENE TO SERIOUS MEDICAL NEEDS**

(Against County, RCSD, Deputy DOES 1-10, Nurse DOES 11-15)

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 68 as though fully set forth herein.

70. After the assault, Plaintiffs presented obvious medical conditions: Dow's hand was visibly disfigured, Spear's face was swollen, and the knuckle on his right hand was disfigured.

71. Despite these conditions, Nurse DOES 11-15 refused to evaluate either Plaintiffs injuries.

- 8 -
COMPLAINT FOR DAMAGES

72. Notwithstanding the obvious medical necessity, Nurse DOES 11-15 refused to send Dow or Spears for hospital care, instead merely wrapping his hand. They failed to document either injury or ensure care continuity upon return to CDCR custody.

73. Defendants thereby exhibited deliberate indifference to serious medical needs, violating the Plaintiffs' constitutional right under the Eighth Amendment standard to adequate medical care set forth in *Estelle v. Gamble*, (1976) 429 U.S. 97 and *Jett v. Penner*, (9th Cir. 2006) 439 F.3d 1091.

74. The deliberate indifference prolonged Plaintiffs' pain, aggravated their injuries, and caused unnecessary suffering and permanent impairment.

75. These acts were willful, wanton, and done with conscious disregard for the constitutional rights of Plaintiffs.

76. Plaintiffs seek compensatory and punitive damages for Defendants' reckless disregard of their health.

## SIXTH CAUSE OF ACTION—MONELL LIABILITY—42 U.S.C. §1983

(Against County, RCSD, and Sheriff Bianco)

77. Plaintiff realleges and incorporates by reference paragraphs 1 through 76 as though fully set forth therein.

78. Defendants County, RCSD, and Sheriff Bianco maintained unconstitutional customs, policies, and practices that caused the constitutional deprivations herein, including:

    a. Failure to implement a functioning enemy-alert tracking system;

    b. Custom of disregarding court-issued separation orders during inmate transfers;

    c. Inadequate medical documentation and reporting practices;

    d. Ratification of deputy misconduct through lack of investigation or discipline.

79. These customs were long-standing, widespread, and known to supervisory personnel, including Sheriff Bianco as a final policy maker, who had actual or constructive knowledge of such customs and ratified them by failing to discipline or retrain offending staff.

80. The above policies were the moving force behind the violations of Plaintiffs' constitutional rights, establishing Monell liability under *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658.

81. As a proximate result of these unconstitutional customs, both Plaintiffs suffered injury and damages as described above.

## SEVENTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

82. Plaintiff realleges and incorporates by reference paragraphs 1 through 81 as though fully set forth herein.

83. Defendants engaged in outrageous conduct by deliberately exposing Plaintiffs to danger, provoking a violent altercation, ignoring their injuries, and taunting them while in custody.

84. Such conduct exceeds all bounds tolerated in a civilized society and was done with the intent to cause emotional distress or with reckless disregard of the probability of such distress.

85. Plaintiffs suffered severe emotional distress, including ongoing anxiety, hypervigilance, fear of correctional officers, nightmares, depression, and humiliation.

86. The extreme outrageous nature of Defendants' conduct and its impact on Plaintiffs' mental health are actionable under California law *Cochran v. Cochran*, (1998) 65 Cal.App.4th 488.

87. Plaintiffs are entitled to compensatory and punitive damages for mental suffering and emotional harm.

## EIGHTH CAUSE OF ACTION—VIOLATION OF CIVIL CODE § 52.1 (BANE ACT)

(Against All Defendants)

88. Plaintiff realleges and incorporates by reference paragraphs 1 through 87 as though fully set forth herein.

89. The Bane Act provides a private right of action where a person's constitutional rights are interfered with by threats, intimidation, or coercion.

90. Defendants' actions deliberately placing Plaintiffs together, ignoring safety warnings, threatening Dow during property discussions, and using coercive control to silence complaints—constitute coercion within the meaning of the statute and in violation of Plaintiffs' right to be free form inhumane treatment and violence while in custody, *Cornell v City & County of San Francisco*, 17 Cal.App.5th 766 (2017).

91. Defendants knew or should have known of the CDCR enemy chrono between Dow and Spears or at the very least, the no contact/keep away order from the Riverside County court, where Spears was in-custody as a material witness against Dow.

92. Defendants acted with reckless disregard of Plaintiffs' safety and demonstrate intent to interfere with Plaintiffs' right to bodily integrity and humane treatment which did equate to coercion sufficient to support liability under § 52.1.

93. Plaintiff seeks general and punitive damages, and attorney fees pursuant to §52.1(h).

**DAMAGES AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants with the exception of punitive damages which Plaintiff only prays for against individual Defendants as follows:

1. For general damages an amount according to proof;
2. For special damages including medical expenses and out-of-pocket costs;
3. For emotional distress damages
4. For punitive and exemplary damages as to the intentional torts against individual defendants;
5. For costs of suit herein incurred;
6. For any other relief the Court deems just and proper;
7. For declaratory and injunctive relief, and attorney's fees pursuant to 42 U.S.C. § 1983 as permitted by law.

DATED: November 14, 2025                                Respectfully Submitted

_____
Royal DL Bond Esq., Attorney For
La Carl Dow and Tyler Spears

# Exhibit A

11/27/2025



**OFFICE OF THE
CLERK OF THE BOARD OF SUPERVISORS**
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
PHONE: (951) 955-1060    FAX: (951) 955-1071

**KIMBERLY A. RECTOR**
Clerk of the Board of Supervisors

**APRIL BOYDD**
Assistant Clerk of the Board

May 14, 2025

TYLER SPEARS
C/O ATTORNEY ROYAL DL BOND
30141 ANTELOPE ROAD, D228
MENIFEE, CA 92584

RE: NOTICE OF REJECTION OF AMENDED CLAIM
Claimant(s):                SPEARS, Tyler
Date of Loss:               11/13/2024
Claim No:                   256-25
Date Claim Received:        04/23/2025
Date Amended Claim Received: 05/13/2025

Notice is hereby given that the Board of Supervisors has considered your claim, as amended, and rejected it on May 14, 2025.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kimberly A. Rector
Clerk to the Board of Supervisors

By: _____
Naomy Sicra, Clerk of the Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on May 14, 2025.

_____
Naomy Sicra, Clerk of the Board Assistant
GL098

cc: RM: 202445732

11/27/2025



OFFICE OF THE
**CLERK OF THE BOARD OF SUPERVISORS**
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
PHONE: (951) 955-1060   FAX: (951) 955-1071

**KIMBELY A. RECTOR**
Clerk of the Board of Supervisors

**APRIL BOYDD**
Assistant Clerk of the Board

May 13, 2025

TYLER SPEARS
C/O ATTORNEY ROYAL DL BOND
30141 ANTELOPE ROAD, D228
MENIFEE, CA 92584

RE: NOTICE OF REJECTION OF CLAIM BY OPERATION OF LAW
Claimant:              SPEARS, Tyler
Date of Loss:          11/13/2024
Claim No:              256-25
Date Claim Received:   04/23/2025

Notice is hereby given that the Claim you presented to the Clerk of the Board of Supervisors, was rejected by operation of law on May 13, 2025.

### Warning

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kimberly A. Rector
Clerk to the Board of Supervisors

By: _____
Naomy Sicra, Clerk of the Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on May 13, 2025.

Naomy Sicra, Clerk of the Board Assistant
GL094

cc: RM 202445732

11/27/2025



OFFICE OF THE
**CLERK OF THE BOARD OF SUPERVISORS**
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
PHONE: (951) 955-1060   FAX: (951) 955-1071

**KIMBELY A. RECTOR**
Clerk of the Board of Supervisors

**APRIL BOYDD**
Assistant Clerk of the Board

May 13, 2025

LA CARL DOW
C/O ATTORNEY ROYAL DL BOND
30141 ANTELOPE ROAD, D228
MENIFEE, CA 92584

RE: NOTICE OF REJECTION OF CLAIM BY OPERATION OF LAW
Claimant:               DOW, La Carl
Date of Loss:           11/13/2024
Claim No:               255-25
Date Claim Received:    04/23/2025

Notice is hereby given that the Claim you presented to the Clerk of the Board of Supervisors, was rejected by operation of law on May 13, 2025.

**Warning**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kimberly A. Rector
Clerk to the Board of Supervisors

By: _____
Naomy Sicra, Clerk of the Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on May 13, 2025.

Naomy Sicra, Clerk of the Board Assistant
GL094

cc: RM 202445732

11/27/2025



OFFICE OF THE
**CLERK OF THE BOARD OF SUPERVISORS**
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
PHONE: (951) 955-1060   FAX: (951) 955-1071

**KIMBERLY A. RECTOR**
Clerk of the Board of Supervisors

**APRIL BOYDD**
Assistant Clerk of the Board

May 14, 2025

LA CARL DOW
C/O ATTORNEY ROYAL DL BOND
30141 ANTELOPE ROAD, D228
MENIFEE, CA 92584

RE: NOTICE OF REJECTION OF AMENDED CLAIM
Claimant(s):              DOW, La Carl
Date of Loss:             11/13/2024
Claim No:                 255-25
Date Claim Received:      04/23/2025
Date Amended Claim Received: 05/13/2025

Notice is hereby given that the Board of Supervisors has considered your claim, as amended, and rejected it on May 14, 2025.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kimberly A. Rector
Clerk to the Board of Supervisors

By: _____
Naomy Sicra, Clerk of the Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on May 14, 2025. _____
Naomy Sicra, Clerk of the Board Assistant
GL098

cc: RM: 202445732

11/27/2025