# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DISTRICT

| | |
|---|---|
| LA CARL DOW and TYLER SPEARS,<br><br>                Plaintiffs,<br><br>        v.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT;  SHERIFF CHAD BIANO, in his individual and official capacities; DEPUTY DOES 1 THROUGH 10; and NURSE DOES 11 through 15.<br><br>                Defendant(s). | **Case No.: 5:25-cv-03548-MCS (AGRx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: November 14, 2025<br>Pretrial Conference: XXX<br>Trial Date: XXX<br><br>Assigned to:<br>Honorable Mark C. Scarsi<br>Courtroom 7C |

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal Order  does  not  confer  blanket

1

protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records (including but not limited to employment/personnel records and information of individually named Defendants and/or other employees of the County). In addition, Defendants anticipate conducting discovery as to any potential criminal history of Plaintiff and law enforcement interactions, which may include disclosure of sealed , confidential or otherwise sensitive information. In order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: *La Carl Dow and Tyler Spears v. County of Riverside, et al., USDC Case Number 5:25-cv-03548-MCS (AGRx).*

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items  that it produces in  disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:   all items or information,  regardless of the medium or manner in which it is generated, stored, or maintained   (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a  matter pertinent to the litigation who has been retained by a Party or its counsel to serve  as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside  Counsel of Record: attorneys  who  are  not  employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

**STIPULATED PROTECTIVE ORDER**

support staffs).

2.12   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits  or demonstrations, and organizing, storing, or retrieving data in any form or   medium) and their employees and subcontractors.

2.14   Protected  Material: any Disclosure  or  Discovery  Material  that  is designated as "CONFIDENTIAL."

2.15   Receiving  Party:  a Party  that  receives  Disclosure  or Discovery Material from a Producing Party.

3.   SCOPE

The  protections  conferred  by  this  Stipulation  and  Order  cover  not only Protected  Material  (as  defined  above),  but  also  (1)  any  information  copied or extracted from Protected  Material; (2) all copies, excerpts, summaries, or compilations of  Protected  Material;  and  (3)  any  testimony,   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Once a case proceeds to trial, all of the information  that  was  designated  as confidential  or  maintained  pursuant  to  this protective order becomes public and will be presumptively available to all  members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81  (9th 8 Cir. 2006)  (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling  reasons"  standard  when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not  extend beyond the commencement of the trial.

4

**STIPULATED PROTECTIVE ORDER**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect  until  a  Designating  Party  agrees otherwise  in  writing  or  a  court  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment  herein  after  the  completion  and  exhaustion of  all  appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for  Protection. Each Party or Non-Party that designates information or items for protection under this  Order must  take care to  limit  any such  designation  to  specific  material that qualifies under the appropriate standards. The Designating Party must designate  for items,  or communications  for  which  protection  is  not  warranted  are  not  swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g.,  paper or electronic documents,  but  excluding  transcripts  of  depositions  or  other  pretrial  or  trial

5

**STIPULATED PROTECTIVE ORDER**

proceedings), that  the Producing Party affix at a    minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL  legend"), to  each  page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the  protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the protection  only  those parts  of  material,  documents,  items,  or  oral  or  written communications  that  qualify so  that  other  portions  of  the  material,  documents,  documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing  the specified documents the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only  a portion or portions of the material on a page qualifies for protection, the   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure  or  Discovery  Material  on  the  record,  before  the  close  of  the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only  a  portion  or  portions  of  the  information warrants protection, the Producing Party, to the extent practicable, shall identify  the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an  inadvertent failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make  reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge  a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall  initiate  the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be  on the Designating Party. Frivolous challenges, and  those  made  for  an improper purpose (e.g., to  harass  or  impose  unnecessary  expenses  and  burdens  on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party  has  waived  or withdrawn  the  confidentiality  designation,  all  parties shall continue to  afford  the material  in  question  the  level  of protection  to  which  it is entitled  under  the Producing  Party's  designation  until  the  Court  rules  on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that  is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under  the conditions described  in  this  Order. When  the  Action  has  been  terminated, a Receiving  Party must  comply  with  the  provisions  of  section  13  below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location  and  in  a secure  manner  that  ensures  that  access is limited to the  persons authorized under this Order.

7.2    Disclosure of  "CONFIDENTIAL" Information or  Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving  Party may disclose any information or item designated "CONFIDENTIAL" only to:

**STIPULATED PROTECTIVE ORDER**

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except s permitted under this Stipulated Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that

8
<strong>STIPULATED PROTECTIVE ORDER</strong>

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

9

**STIPULATED PROTECTIVE ORDER**

(1)  promptly notify in writing the Requesting Party and the  Non-Party that some  or  all  of  the  information  requested  is  subject  to  a confidentiality agreement with a Non-Party;

(2) promptly  provide  the  Non-Party  with  a  copy  of  the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make  the information  requested  available for inspection  by the Non-Party, if requested.

(c)  If the Non-Party fails to  seek a protective order from this court  within 14 days of receiving the notice and accompanying information, the Receiving  Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce  any information  in  its  possession  or  control  that  is  subject  to  the confidentiality agreement with the Non-Party before a determination by the court. Absent  a  court order  to  the  contrary,  the  Non-Party  shall  bear  the  burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the  Receiving Party must  immediately (a)  notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this  Order, and (d)  request  such  person  or  persons  to  execute  the  "Acknowledgment  and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the

**STIPULATED PROTECTIVE ORDER**

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

**STIPULATED PROTECTIVE ORDER**

entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED:     February 5, 2026

_/s/ ROYAL DL BOND_

Attorneys for Plaintiff(s)


DATED:     February 5, 2026

_/s/ MOLSHREE GUPTA_

Attorneys for Defendant(s)


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: February 5, 2026

Honorable Alicia G. Rosenberg
United States Magistrate Judge

12

**STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *La Carl Dow and Tyler Spears v. County of Riverside, et al., USDC Case Number 5:25-cv-03548-MCS (AGRx)*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

13

**STIPULATED PROTECTIVE ORDER**